**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case #: 22-11829 SDR |
| The Venue Church, Inc. | ) | Chapter 11 |
| | ) | |
| Debtor(s) | ) | |

## DISCLOSURE STATEMENT OF THE VENUE CHURCH, INC.

The Debtor submits this Disclosure Statement to their Plan of Reorganization pursuant to 11 U.S.C. § 1125.

### I.

### INTRODUCTION

The Debtor is the proponent of the Plan of Reorganization. This Disclosure Statement is filed in order to disclose that information deemed by the Plan proponent to be material, important and necessary for creditors of the Debtor to arrive at a reasonably informed decision in exercising their right to vote for acceptance or rejection of the Plan presently on file with the Bankruptcy Court.

**Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing**

The Court has not yet confirmed the Plan described in this Disclosure Statement. This section describes the procedures pursuant to which the Plan will or will not be confirmed.

**1.** *Time and Place of the Hearing to Confirm the Plan*

The hearing at which the Court will determine whether to confirm the Plan will be set forth within the Order approving this Disclosure Statement and will be served upon all creditors.

**2.** *Deadline for Voting to Accept or Reject the Plan*

The Plan is on file in the United States Bankruptcy Court for the Eastern District of Tennessee at Chattanooga and may be considered by creditors if this Disclosure Statement is approved by the

Court. If the Disclosure Statement is approved, then creditors in impaired classes (if any) may vote on the Plan by completing and mailing ballot forms to the office of Debtor's attorney.

If required, Ballot forms will be mailed with the Order approving the Disclosure Statement and such Order will set a date for a hearing on confirmation of the Plan. As a creditor your vote is important. For the Plan to be accepted, creditors in classes impaired under the Plan that vote to accept or reject the Plan and that hold at least two-thirds in amount and more than one-half in number of the allowed claims within certain classes must vote for the Plan. Certain classes are not entitled to vote since such classes are being paid in full or the rights of creditors in those classes are not being impaired by the Plan. If there is a class of impaired claims, at least one class of claims must accept the Plan excluding acceptances by any insiders. In the event the requisite acceptances are not obtained, the court may nevertheless confirm the Plan if the court finds that the Plan accords fair and equitable treatment to all classes that have rejected it. To have your vote count, you must complete and return a ballot within the time limits provided by the court.

3. *Deadline for Objecting to the Confirmation of the Plan*

Objections to the confirmation of the Plan must be filed with the Court and served upon the Debtor's Attorney and the United States Trustee by the date listed in the Court's Order.

4. *Identity of Person to Contact for More Information*

If you want additional information about the Plan, you should contact W. Thomas Bible, Jr., Tom Bible Law, 6918 Shallowford Road, Suite 100, Chattanooga, Tennessee 37421.

C. **Disclaimer**

*The Court has not yet approved this Disclosure Statement as containing adequate information to enable parties affected by the Plan to make an informed judgment about its terms. The Court has not yet determined whether the Plan meets the legal requirements for*

*confirmation, and the fact that the Court may approve this Disclosure Statement does not constitute an endorsement of the Plan by the Court, or a recommendation that it be accepted.*

NO REPRESENTATIONS CONCERNING THE DEBTOR ARE AUTHORIZED BY THE DEBTOR OTHER THAN AS SET FORTH IN THIS STATEMENT. ANY REPRESENTATIONS OR INDUCEMENTS MADE TO SECURE YOUR ACCEPTANCE, WHICH ARE OTHER THAN AS OBTAINED IN THIS STATEMENT, SHOULD NOT BE RELIED UPON BY YOU IN ARRIVING AT YOUR DECISION, AND SUCH ADDITIONAL REPRESENTATIONS AND INDUCEMENTS SHOULD BE REPORTED TO COUNSEL FOR THE DEBTOR WHO, IN TURN, SHALL DELIVER SUCH INFORMATION TO THE BANKRUPTCY COURT FOR SUCH ACTION AS MAY BE DEEMED APPROPRIATE.

**Because of the administrative expense incurred in conversion and distribution under Chapter 7, the Plan, in the opinion of the Debtor, offers more to creditors than would be available should creditors not receive 100 per cent of their allowed claims.**

THE INFORMATION CONTAINED IN THIS DOCUMENT OR IN THE ATTACHED EXHIBIT(S) HAS NOT BEEN SUBJECT TO A CERTIFIED AUDIT. THE RECORDS ARE DEEMED SUFFICIENT FOR A BUSINESS OF THE SIZE AND COMPLEXITY OF THE DEBTOR. ACCOUNTANTS HAVE NOT FULLY VERIFIED SUCH INFORMATION AS THE COST OF COMPLETE VERIFICATION WOULD BE PROHIBITIVE. THE INFORMATION CONTAINED HEREIN IS BELIEVED TO BE TRUE AND CORRECT ALTHOUGH INACCURACIES MAYBE PRESENT, AN EFFORT HAS BEEN MADE TO BE ACCURATE. THERE ARE ESTIMATES AND APPROXIMATIONS HEREIN WHICH ARE INHERENTLY SPECULATIVE, UNCERTAIN AND UNKNOW OR CONTAIN MATTERS ABOUT WHICH OPINIONS MAY DIFFER. NO REPRESENTATIONS CONCERNING THE

DEBTOR OR THEIR BUSINESS OR ASSETS AND ANY VALUATION THEREOF ARE AUTHORIZED OTHER THAN AS SET FORTH IN THIS DOCUMENT. ANY REPRESENTATIONS OR INDUCEMENTS MADE TO SECURE ACCEPTANCE OF THIS PLAN WHICH ARE OTHER THAN AS CONTAINED IN THIS DOCUMENT SHOULD NOT BE RELIED UPON BY YOU IN ARRIVING AT YOUR DECISION.  SUCH ADDITIONAL REPRESENTATIONS AND INDUCEMENTS SHOULD BE REPORTED TO COUNSEL FOR THE DEBTOR WHO, IN TURN, SHALL PROMPTLY DELIVER SUCH INFORMATION TO THE BANKRUPTCY COURT FOR SUCH ACTION AS MAY BE DEEMED APPROPRIATE.

## II.

## HISTORY OF THE DEBTOR

Venue Church was founded in late 2012 to promote its beliefs, serve the community, and provide worship services to inspire and encourage members and attendees. At one point in its recent past, Venue was the seventh fastest growing church in the United States and was Chattanooga's largest church. It touched and continues to reach many people in the Chattanooga area.  The tornado outbreaks in 2020 brought the church into the lives of many Chattanoogans through its food outreach program by serving 50,000 meals in less than 2 weeks, by providing generators to homes without power, and by countless other acts of assistance.

Undoubtedly, Venue has fallen on difficult financial times, but many in the area still seek assistance from this ministry and Venue still tries to meet needs as best it can but must turn many away.  To try and meet this continued need in the community and otherwise continue this unique ministry, the Lead Pastor, Tavner Smith, and his remaining staff have acknowledged that changes need to be made, all of which center on refocusing the ministry and its leaders on the

simple, straightforward, yet demanding example provided in the New Testament, and by working daily to live and serve by that example. To best minister to the community, Venue has identified three (3) major financial goals that it must first achieve:

1. **Repay its just debts**. Venue believes in paying its debts, its desire is to repay all who extended credit to it in an arms-length transaction and terminate any obligation determined to be over-stated, preferential or as the result of a fraudulent transfer.

2. **Re-extend its outreach** and thereby increase donations. Venue believes its purpose is to serve and minister to as many in the community that may have a need, either material or spiritual.

3. **Reorganize its business practices.** To better understand its ongoing needs and to account for and use the funds it is provided, Venue's leadership will focus on budgeting, reconciling, and auditing on a monthly basis.

### III.

### ASSETS AND LIABILITIES

#### 1. Priority Tax Claims

The IRS has filed a priority tax claim in the amount of $2,915.72. Also, the U.S. Trustee is entitled to a statutory fee on a quarterly basis. You may review the quarterly fee schedule at http://www.justice.gov/ust/r08/docs/chapter11/etn/qf_schedule.pdf.

#### 2. Secured Claims

The following Creditors have filed secured claims in the following amounts at the time of filing the Plan or the Debtor believe a Creditor is secured:

| CLASS | CREDITOR | AMOUNT |
|---|---|---|
| III | AmeriCredit Financial | $23,835.61 |
| II | Ally Bank c/o AIS Portfolio | $43,780.35 |

### 3. General Unsecured Claims

Unsecured creditor claims as listed total $414,838.07

| | |
|---|---|
| American Express-113009 | $25,675.98 |
| American Express-012006 | $20,598.76 |
| American Express-66100 | $32,504.75 |
| Ancora Education | $39,568.76 |
| Bank of America-6078 | $1,753.09 |
| Bank of America-1528 | $9,097.08 |
| Chattanooga Fire Protection | $1,100.00 |
| Cellco/Verizon | $1183.82 |
| Cintas Corp  15158658 | $2197.18 |
| City of Chattanooga Waste Water Division | $1,932.96 |
| CWS-Chatt Hauling | $788.83 |
| Danielle Smith (per pending Agreed Order) | $50,000.00 |
| EPB 502009 | $8,698.26 |
| Fontana Rolloffs | $489.50 |
| Home Depot Credit-2264 | $6,617.20 |
| Internal Revenue Service | $2322.74 |
| Invie Graphics | $3,769.28 |
| Online Info Services | $7,340.39 |
| Pro Logo Depot | $170.30 |
| Republic Services #997 | $490.31 |

| Seals Production | $2,300.00 |
| --- | --- |
| Staples Business Credit 655626 | $300.00 |
| STVT-AAI Education | $59,231.25 |

### 4. Executory Contracts, Unexpired Leases and Assumption of Debt

Pending Court approval of the settlement agreement with Danielle Smith, The Debtor has no remaining executory contracts. Debtor assumes the debt on the Ford F-150 truck with Ally Bank

### 5. Potential Tax Consequences

It is the belief of the Debtor that there will be no potential tax consequences as a result of the confirmation and consummation of the Plan.

### 6. Litigation

There is no outstanding civil or criminal litigation regarding the Debtor with the exception of the fraudulent conveyance action as described in Section 6.

### IV.

### SUMMARY OF ASSETS AND LIABILITIES

| DESCRIPTION | AMOUNT |
| --- | --- |
| Cash Currently Held in Trust (after payment of $18,758.55 to UHC per Order) | $335,506.57 |
| Equity in Non-Exempt Personal Property (Per Schedules) | $242,285.29 |
| | |
| Priority Debts | $20,000.00 |
| Unsecured Claims (per Schedules) | $278,130.44 |
| Secured debts     (per Schedules) | $66,184.51 |

## V.

## SUMMARY OF PLAN OF REORGANIZATION

The Debtor will pay the claims as follows:

**a.** *Professional and Administrative fees* - To be paid in full upon approval of Bankruptcy Court. These claims presently total approximately $27,000.00 of which there is a retainer of $7,000.00, plus all other priority claims including, but not limited to tax claims and U.S. Trustee fees. To be paid on the effective date of the plan or when otherwise due.

**b.** *Class I*- Debts incurred in the ordinary course of business incurred post-petition: Payable upon contract terms.

**c.** *Class II* – The secured claim of Ally Bank to be brought current and paid in accordance with the contractual agreement between the parties.

**d.** *Class III.* The secured claim of AmeriCredit Financial Services, Inc., to be surrendered in full satisfaction of debt.

**e.** *Class IV.* General unsecured to be paid in full.

### Impaired Classes

Based on the above valuations and liquidation analysis, Debtor is of the opinion that there will be no impaired classes.

THE FOREGOING IS A BRIEF SUMMARY OF THE PLAN AND SHOULD NOT BE RELIED UPON FOR VOTING PURPOSES. CREDITORS ARE URGED TO READ THE PLAN IN FULL, WHICH IS BEING SEPARATELY SUBMITTED TO YOU. CREDITORS ARE URGED TO CONSULT WITH COUNSEL, OR WITH EACH OTHER, IN ORDER TO FULLY UNDERSTAND THE PLAN AND ANY EXHIBITS ATTACHED TO IT.

## VI.

## MANAGEMENT, OWNERSHIP AND GENERAL OPERATIONS

The Debtor, through its trustees, will continue to manage the church. The Debtor, as a non-profit corporation, is managed only by trustees and has no shareholders.

## VII.

## MISCELLANEOUS

The Plan of Reorganization sets forth means for execution of the Plan, provides for the retention, enforcement, settlement, or adjustment of claims belonging to the Debtor or the estate and certain general provisions, including, but not limited to, retention of jurisdiction by the Bankruptcy Court for certain purposes.

## VIII.

## LIQUIDATION ANALYSIS

Paragraph IV above is an analysis of the estimated recovery for creditors in the event of the Debtor' liquidation exclusive of costs of sale and administration expenses. The Debtor have made certain assumptions and has used approximations as the basis of this analysis. The Debtor believes that in liquidation general unsecured creditors will receive approximately 100% of their approved claims.

## IX.

## RISKS

Debtor sees little risk to creditors. The largest asset of Debtor has been liquidated and is awaiting distribution pending Court Order. The remaining assets, should they need to be liquidated, consist of church furnishings, business equipment and sound equipment. All of which should depreciate little if any during the confirmation process.

## X.

## CLAIMS

Claims must be filed by the time of the claims bar deadline. The Debtor reserves the right to object to any claim filed or deemed filed as to amount, classification or otherwise. Objections may be filed up to thirty (30) days after the Effective Date. Professional fee claims must be filed within thirty (30) days after the Effective Date.

Respectfully submitted:

TOM BIBLE LAW

BY:/s/W. Thomas Bible, Jr.
W. Thomas Bible, Jr. #014754
6918 Shallowford Road, Suite 100
Chattanooga, TN  37421
(423) 424-3116/(423) 443-4888  fax
tom@tombiblelaw.com